**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY LYLE TARKINGTON,<br><br>             Plaintiff - Appellant,<br><br>   v.<br><br>WILLIAM SMITH, Jr., Deputy District Attorney, official capacity; MARY SANCHEZ, Deputy Attorney General, official capacity,<br><br>             Defendants - Appellees. | No. 13-55911<br><br>D.C. No. 2:12-cv-04849-JAK-E<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
John A. Kronstadt, District Judge, Presiding

Submitted August 26, 2014[**]

Before:      THOMAS, OWENS, and FRIEDLAND, Circuit Judges.

California state prisoner Anthony Lyle Tarkington appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging denial of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

post-conviction access to biological evidence for DNA testing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). We affirm.

The district court properly dismissed Tarkington's due process claims because Tarkington failed to allege facts sufficient to state a cognizable claim for relief. *See Skinner v. Switzer*, 131 S. Ct. 1289, 1298-1300 (2011) (prisoner can state a cognizable § 1983 claim by alleging a general constitutional challenge to state post-conviction DNA testing statute, but not by challenging such statute's application in his case; *Brady v. Maryland*, 373 U.S. 83 (1963), is inapplicable to due process claims for post-conviction DNA testing); *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69-72 (2009) (due process requires only that the state's procedures for post-conviction relief do not offend fundamental principles of justice or transgress any recognized principle of fundamental fairness in operation); *West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution or laws of the United States[.]").

The district court did not abuse its discretion in denying Tarkington leave to amend his complaint because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth

the standard of review and noting that the district court may dismiss without leave to amend when amendment would be futile).

Tarkington's contentions concerning discovery and the default judgment against Smith are unpersuasive.

**AFFIRMED**.